IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:08CR0010-MEF |
| | ) | |
| JEFFERY AARON SPURLOCK | ) | |

UNITED STATES RESPONSE
TO DEFENDANT'S MOTION IN LIMINE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to Defendant's Motion in Limine:

FACTS

Jeffery Aaron Spurlock is currently charged with violating Title 18, United States Code, Section 3146 - Failure to Appear, and Title 18 United States Code, Section 922(g)(1) - Felon in Possession of a Firearm. Spurlock has at least five prior felony offenses, including a 2005 conviction from the United States District Court, Middle District of Alabama, for being a felon in possession of a firearm.

ANALYSIS

Pursuant Old Chief v. United States, 519 U.S. 172 (1997), Spurlock seeks to preclude the jury from hearing evidence of his prior felony convictions. According to established law, once a felon stipulates to his previous felony convictions, the government is precluded from presenting those convictions to the jury. See Id.. While the United States agrees that Spurlock's stipulation would normally prevent any

discussion of his previous felony convictions, Spurlock is also charged with a violation of Title 18 United States Code, Section 3146 - Failure to Appear. The elements of Section 3146 require the United States to prove:

1. Defendant was released pursuant to the bail reform act;

2. Defendant was required to appear in court;

3. Defendant was aware of the requirement to appear;

4. Defendant failed to appear as required;

5. Defendant was willful in his failure to appear.

Based upon these elements, the United States may have to establish Spurlock's prior federal conviction for Title 18, United States Code, Section 922(g)(1) to prove various elements of Title 18, United States Code, Section 3146. At the very least, the United States intends to elicit testimony of Senior United States Probation Officer Alfred Lancaster regarding Spurlock's failure to appear before Judge Myron Thompson on August 13, 2007. Probation Officer Lancaster may need to testify to specifics of Spurlock's prior federal conviction.

In sum, the United States concedes that in the typical felon in possession case, the defendant can prevent the jury from learning the specifics of his prior felony offenses. Indeed, the United States agrees not to elicit evidence of Spurlock's four prior State felony offenses. However, because Spurlock is charged with violating Section 3146, the United States cannot, at this juncture, agree to a stipulation that precludes evidence of Spurlock's 2005 conviction for violating Title 18 United States Code, Section 922(g)(1). Such a stipulation may prevent the United States from proving essential elements of 18 U.S.C. § 3146.

Respectfully submitted this the 16th day of April, 2008.

           LEURA G. CANARY
           UNITED STATES ATTORNEY

           /s/ Verne H. Speirs
           VERNE H. SPEIRS
           Assistant United States Attorney
           131 Clayton Street
           Montgomery, Alabama 36104-3429
           (334) 223-7280
           (334) 223-7138 Fax
           verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:08CR0010-MEF |
| | ) | |
| JEFFERY AARON SPURLOCK | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard Keith.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104-3429
(334) 223-7280
(334) 223-7138 Fax
verne.speirs@usdoj.gov