IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cr-010-MEF |
| | ) | (WO) |
| JEFFERY AARON SPURLOCK | ) | |

## **O R D E R**

On April 16, 2008, the government filed an Unopposed Motion to Continue Trial (Doc. #21). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the government learned on April 12, 2008 that the defendant intends to take this case to trial. On April 15, 2008, the government learned that the key witness in this case, U.S. Deputy Marshal Brian Maxwell, is currently out of the country for an undetermined amount of time. Deputy Maxwell is an essential witness to the

government's case. The government has given notice to the U.S. Marshal Service that Deputy Maxwell is needed for trial of this matter in August. Defense counsel does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on April 16, 2008 is GRANTED;

2. That the trial of this case is continued from the April 28, 2008 trial term to the August 11, 2008 trial term in Opelika, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the August 11, 2008 trial term.

DONE this the 17th day of April, 2008.

                                        /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE