IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **3:08-cr-010-MEF** |
| ) | |
| JEFFERY AARON SPURLOCK ) | |

### ORDER ON MOTION

Pending before the court is counsel's *Motion to Withdraw* (Doc. 29, filed July 22, 2008). The Court conducted a hearing on the *Motion* and, for the reasons discussed below, GRANTS the motion.

### I. FACTUAL BACKGROUND

On January 9, 2008, Jeffery Aaron Spurlock was indicted on one count of Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1) and one count of Failure to Appear in violation of 18 U.S.C. § 3146. On February 26, 2008, the Court appointed Richard Keith, Esq., to represent Spurlock in this matter. Spurlock will stand trial on January 26, 2008. On July 21, 2008, counsel was told by the Prosecutor that David Ray has incriminating information about Spurlock and is prepared to testify as a rebuttal witness if necessary during trial. The Prosecutor told Mr. Keith he is likely to call Mr. Ray as a witness. Mr. Keith represented Mr. Ray on unrelated charges for which he was convicted, and Ray now offers his testimony against Spurlock in hopes of receiving a reduced sentence pursuant to Fed. R. Crim. P. 35. Mr. Keith asserts the prospect of having a former client

testify against a current client creates a substantial conflict of interest that could prove detrimental to both Ray and Spurlock, in violation of the Professional Rules of Conduct.

## II. DISCUSSION

In a nutshell, Mr. Keith is obligated to assist Mr. Ray to obtain a lesser sentence because Mr. Ray is ready, willing and able to testify against his current client, Mr. Spurlock. On one hand, assisting Mr. Ray to the fullest will require Mr. Keith to compromise the interests of Mr. Spurlock. On the other hand, assisting Mr. Spurlock to the fullest will require Mr. Keith to use all means possible to limit the effectiveness of Mr. Ray's testimony. Mr. Keith's motion to withdraw reflects a valid concern that knowledge acquired during his representation of Mr. Ray would likely prove detrimental if he is called as a witness during Mr. Spurlock's trial. The Alabama Rules of Professional Conduct provide

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (A) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation; or
>
> (B) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or 3.3 would permit or require with respect to a client or when the information has become generally known.

Alabama Rules of Professional Conduct Rule 1.9 (2008). Although subparagraph (a) permits representation to continue where the former client consents after consultation, this option is only applicable if the previous representation took place in the same case or one substantially related. The cases at hand are unrelated in any way, and thus, the possibility that Ray may

consent to cross examination by his former counsel is immaterial to address this motion.

The Eleventh Circuit has held "an attorney has an actual conflict of interest . . . when he has previously represented a person who will be called as a witness against a current client at a criminal trial." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994) citing *United States v. Casiano*, 929 F.2d 1046, 1052 (11th Cir. 1991); *see also United States v. Harris*, 2008 WL 360626 (M.D. Ga. Feb. 8, 2008)( following *Ross* to find actual conflict where past client will be called as witness against current client). The *Ross* court reviewed a disqualification of counsel from a narcotics prosecution where his firm previously represented a member of the conspiracy, and found "insurmountable conflict" due to the interrelated prosecutions. *Ross, id*. Even though the instant case does not present related prosecutions, the identical scenario forbidden in *Ross* and *Harris* is likely to occur if the United States solicits Mr. Ray's testimony. Further, *Ross* acknowledged that "even a potential conflict suffices for disqualification." *Id.* More recently, the Court of Appeals for the Second Circuit reviewed a lower court's denial of a motion to withdraw where counsel provided criminal representation to a witness against his current client, and after finding a trial court abuses its discretion when it forces counsel to commit a violation of the Code of Professional Responsibility, vacated the order denying the motion. *United States v. Oberoi*, 331 F.3d 44, 47-48 (2nd Cir. 2003).

In this case, counsel's continued representation of Mr. Spurlock at trial may require him to "discredit the proffered testimony and credibility of his former client." *Harris, id.* at *2. Counsel should not be forced to cross examine a former client under such

circumstances, as doing so would indeed violate the spirit and letter of the ethical code by which he is bound.

### III. CONCLUSION

For the foregoing reasons, counsel's motion to withdraw from this case is **GRANTED**.

It is further ORDERED that the Federal Public Defender inform the Clerk of the next available panel attorney eligible for assignment to Mr. Spurlock's case.

Done this 29th day of July, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE